494 F.2d 39
 MERCURY MOTOR EXPRESS, INC., et al., Plaintiffs, Florida
Texas Freight, Inc., Plaintiff-Appellant,
v.
Norman C. BRINKE, Defendant-Appellee.
No. 73-3926 Summary Calendar.*
*Rule 18, 5th Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 20, 1974.
 
 Bernard C. Pestcoe, Harry A. Payton, Susan Goldman, Miami, Fla., for plaintiff-appellant.
 James J. Kenny, Frank J. Kelly, Miami, Fla., J. Raymond Clark, Washington, D.C., for defendant-appellee.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal presents a peripheral tag end to over ten years of litigation and administrative confrontation between the parties. We affirm the latest district court decision that the plaintiffs-appellants failed to show a clear and patent violation by defendant Brinke of the Interstate Commerce Act.
 
 
 2
 In 1971, plaintiff freight forwarders collectively sought an injunction under 417(b)(2) of the Interstate Commerce Act, 49 U.S.C.A. 1017(b)(2), against Brinke's operating as a freight forwarder. The district court denied a preliminary injunction and stayed further proceedings pending action by the Interstate Commerce Commission (ICC), which was considering Brinke's application for a freight forwarder's permit. On appeal of that decision, we held that application of primary jurisdiction is inappropriate in 1017(b)(2) litigation and remanded for consideration solely of the question whether plaintiffs could show a 'clear and patent' violation of the Interstate Commerce Act. Mercury Motor Express, Inc. v. Brinke, 475 F.2d 1086 (5th Cir. 1973). The district court, on remand, concluded that plaintiffs had failed to show such a violation and dismissed their claim for lack of jurisdiction.
 
 
 3
 Our prior opinion contains a more complete background of the situation than is needed here. The essence of plaintiffs' claim is that Brinke has been operating as a freight forwarder while possessing only a freight broker's license from the ICC. As a result of the initial hearing on the motion for temporary injunction, the district court concluded that plaintiffs had failed to establish a clear and patent violation, but the court retained jurisdiction while the ICC considered the case rather than dismissing for lack of jurisdiction. In the district court's order after remand dismissing plaintiffs' claim for lack of jurisdiction, the court relied upon its prior conclusion of no clear and patent violation. Appellant freight forwarders now contend that the district court improperly refused to hold further hearings or a trial after our remand on the issue of clear and patent violation.
 
 
 4
 Contrary to the appellants' assertion, we did not remand specifically for further proceedings but for dismissal for want of jurisdiction if the plaintiffs failed to show a clear and patent violation. Thus, we need not demand more evidence or consideration if the first proceedings, on the conclusions of which the district court relied the second time around, were adequate.
 
 
 5
 Brinke's original application for a broker's permit described the services which he sought to perform. But they included functions both of a broker and freight forwarder. The administrative board apparently failed to discern that his proposed operations were such as are normally performed by forwarders, and he was issued a broker's license 'to operate in accordance with the activities proposed in his application.' From the date of the license, 1964, to the present he has done so. Brinke's application for a freight forwarder's license, submitted at approximately the same time, did not fare so well. Though the appropriate ICC functionaries consistently recommended approval of the license, and although the ICC was fully aware of the nature of Brinke's operations, his application had not received final action at the time of the first district court proceedings. In these circumstances, we conclude that the district court correctly decided that Brinke was not operating in clear and patent violation of the Act.
 
 
 6
 After our prior decision, the ICC granted Brinke a freight forwarder's permit and a three-judge court affirmed the ICC order. The three-judge court concluded that Brinke's past unlawful operations were conducted pursuant to on overbroad, yet nevertheless valid, broker's license and, thus, were conducted under 'color of right.' Because of our conclusion that plaintiffs had not shown a clear and patent violation, we need not consider the effect of the three-judge court decision or explore the relationship between 'clear and patent' violation and 'color of right' standards.
 
 
 7
 Affirmed.